No. 5 U.S. v. Sayyed Mr. Salem Salem? Salem Salem? Salem Alright May it please the court My name is Maurice James Salem I represent the appellant in this case Counsel Your Honor, in this case the government obtained a turnover order that sees the entire 401k retirement account for the defendant appellant who is a judgment debtor And they did this under the Mandatory Victims Restitution Act The issue that's before you is whether the Consumer Credit Protection Act limits the government to a 25% cap Our contention is that it does, in the case United States v. Lee makes it clear that the government is limited to 25% of the retirement account Now Let me ask you this, do the retirement plans allow Sayyed to receive periodic payments now or do they simply allow him to elect for such payments when he reaches retirement age? They allow him to elect such payments when he reaches retirement age And that's the main distinction, the issue that opposing counsel in the district court raised as distinguishing Lee from this case The district court said that Well, first of all, there's nothing in the record that says Lee could not take the entire account, the lump sum money immediately There's nothing in the record there The district court says that it seems unlikely that that's the case But we're dealing with the 401k retirement plan in Lee and we're dealing with it here But the issue in Lee was his receipt of periodic payments, correct? Correct And the holding only applied to the ability to access periodic payments, correct? That's correct There are no periodic payments in this case The question here is whether or not your client had access to the funds immediately Correct So doesn't that distinguish the holding in Lee from these circumstances? No, it doesn't and let me explain why There's nothing in the record in Lee that says Lee could not immediately access everything and take a lump sum It happens to be that Lee was at the point of retirement age where he received periodic payments In this case, that's not the issue But however, that doesn't distinguish Lee So you're saying that something was not there in Lee should be helpful to us here because here we have this present access unconditional to a lump sum payment Is your argument that because that wasn't mentioned in Lee that Lee still applies? That's one argument The Consumer Credit Protection Act wasn't just enacted to protect consumers The intent of Congress with that act is also to protect taxpayers Because let's assume you rule against my client and you seize the entire 401k plan Now in this particular case, you have a middle class individual who has typical middle class expenses Two kids, college bound, house, car, all the payments On top of that, he lost all his non-exempt assets He's got one-third taxes he's got to pay He has 25% garnishment Even a $100,000 salary will not meet that middle class expenses So in another 10 years from now when he retires, he'll not have a retirement account and he will qualify for public aid By allowing a private judgment creditor, which is the case here It's not the government that's collecting the money, it's a private individual By allowing a private judgment creditor to put the judgment debtor in a situation where they could qualify for public aid then it's the taxpayers who are paying the judgment, not the defendant And I believe that's the intent that Congress had by enacting the Consumer Credit Protection Plan And the case law that opposing counsel cites has already been discussed Most of it has been discussed in Lee Did the parties in Lee agree that the government could access any funds to which he had immediate right of distribution? Well no, the parties did agree that if he takes it out lump sum, then they can access that Or if he had the ability to do so Well, the thing is this, these are the parties speaking and it's hypothetical, it's dicta And if Lee was to address that, then we would get a clear picture But right now I believe that this panel is bound by Lee as well as the district court It's bound by the findings in Lee But keep in mind, let's say the definition of income is defined under the CCPA And Lee defined the definition of income And he defined it as periodic payments made pursuant to a pension or retirement plan And that's the crux of Lee, that it is whether or not we're going to put the judgment debtor in a situation where he loses the entire retirement account And also keep in mind, now if you do rule against my client, you're setting a precedent And there are going to be other defend, appellants who are not in the same financial circumstances as my client making less And then for sure you'll push them into public, in a financial status where they qualify for public aid But if we ruled in your favor, wouldn't the impact be, or a possible impact be that all judgment debtors will set up retirement accounts To immediately receive periodic payments so the cap will apply rather than waiting until retirement And then what that will do, that's correct, I apologize No, go ahead, that's another consequence And I mentioned that in my brief But when you do that, then you get rid of all retirement accounts for individuals in this status And if you proceed further, then you will jeopardize having the taxpayers paying the judgment Because if an individual is not receiving from his retirement account periodic payments now They're all going to rush and say, well, give me periodic payments now Even though they're going to get penalized, they're going to pay higher taxes But obviously it would make sense to do that and take advantage of the 25% cap So they will all do it, so that will be the consequences of a decision against my client today Well as a policy matter, how should we factor in the rights of crime victims? Their right to be compensated for the wrongs perpetrated against them And that is absolutely, and as a matter of fact, that's the statute that the council is using Is the Mandatory Victims Restitution Act Now, and in this particular case, the statute allows the U.S. attorney to use all their power To collect all that they can from a client like mine, and they did, your honors My issue is, let's not have the taxpayer pay this person's judgment Let's have, let's follow the Congress, the statute, the CCPA And do what it says, do what Lee says, and also I want to emphasize that the But then getting back to the crime victims If all the money coming directly from regularly earned salary is protected Then the defendant could shield all the assets, including savings, checkings, and investment accounts From the victims, right? Your honor, as I, theoretically that is true, but understand That when you have an income, and that income is being garnished 25% That's what the statute is there for In all countries that give public aid, they prohibit a judgment creditor From putting the judgment debtor in a financial situation where they qualify for public aid Yeah, but that argument that you're promulgating hasn't been adopted by any court, has it? Nobody's ruled in your favor under that theory I believe Lee supports me on this, the case Lee, because they prevented the entire amount And also the other, the 11th circuit and the 5th circuit Lee didn't prevent the entire amount, the entire amount was not at issue there The only thing at issue in Lee was periodic payments Well, whether or not to garnish all of it, or just 25 maximum And in Lee, they decided that it's 25 maximum, 25% of the payments Of the periodic payment Right, and I want to emphasize Now you know you're in your rebuttal time Yes, I do, may I save a minute in my rebuttal? Certainly Thank you, your honors Lost track of time All right, Mr. Stewart May it please the court, Mr. Seid Your honor, criminal defendants such as Mr. Seid Find themselves in a pretty awful predicament The statute that allows us to enforce a restitution judgment or a criminal fine Allows us to enforce that judgment against all the defendants' property and rights to property That's a phrase that has a long history, this court has interpreted it because it comes from the tax code And basically that phrase, property and rights to property Describes just about everything and anything that a defendant could own So, when we go to enforce a judgment We basically can enforce that judgment against all the property of the defendant The defendant then is in the predicament of trying to shelter some of that property The statute gives the defendant very few options to shelter property One of those options is earnings That's the exemption that Mr. Seid tried to convince the court That these monies in his two retirement accounts were entitled to protection by The problem was that he didn't meet the definition of earnings And you would simply look at the definition of earnings And one big element of that definition of earnings under the Consumer Credit Protection Act Is that it's a kind of payment that comes in periods Now, one of the goals of the act was to protect the debtor from becoming bankrupt or a ward of the state So, in terms of our ruling, do you think that would thwart Congress's intent? No, Your Honor And what if the debtor was only a couple years away from retirement age? Well, Congress has protected what it defines as earnings Congress has not protected a savings account that might have been accumulated from earnings That's simply a choice that Congress made And in this case, the monies in this retirement account really were no different than Had Mr. Seid put them in a segregated savings account That didn't have the label 401K Individual Retirement Account So, the consequence could be in ruling in your favor That defendants subject to restitution judgments will simply restructure their retirement benefits To foreclose access to the immediate lump sum payments Well, Your Honor, I don't know if that's a realistic possibility With regard to retirement plans, my experience with retirement plans Is that they're typically crafted by an employer for more than just a defendant And with individual retirement accounts and 401Ks Those are structured according to the Internal Revenue Code So, I'm not sure that that is such an issue And it would be something that Congress would need to address at that point, I suppose If we found that criminal defendants, in addition to engaging in fraudulent schemes Were also engaging in schemes to hide their assets from the government When it came time to pay a fine or restitution But, you know, that goes back to the original point Which is that when Congress devised the enforcement statutes In issue 3613 in the limited exemptions It was trying to prevent the criminal defendants from any opportunity To shield their assets from the government collector And that is really the point right here Is that there's very few opportunities for a defendant to shield their assets Certainly they cannot put their money in a bank account And shield that from the United States When it's enforcing a criminal money judgment This Court's decision in Lee really supports that proposition In Lee, it was addressed to periodic payments And this Court overturned a district court opinion Allowing the government to entirely seize a periodic payment And said no, you can't do that, this is a periodic payment It meets the definition of the Consumer Credit Protection Act So I do think that there is an issue with overturning this particular decision Because most of people's wealth does come from their earnings And most of it is put into either a savings account or some sort of retirement account And if that is the definition of earnings Then there's really nothing that couldn't be sheltered By just simply calling it earnings But you know, even in the context of a civil judgment That wouldn't work Earnings, because there's this definition of periodicity This element of periodicity that goes along with the definition of earnings It requires these payments to be made over time Once the payment is made from employer or pension plan To the employer, to the annuitant The exemption is lost There's a case actually that was cited by Mr. Saeed It's a Ninth Circuit case called Usry v. First National Bank of Arizona That holds just that Once earnings are deposited into a bank account They lose their exempt status So even in a civil context The idea of accumulating earnings And maintaining their exempt character wouldn't work The problem that Mr. Saeed has is that If this was a civil judgment that was being enforced He could rely on a state statute Multiple state statutes that do shelter retirement earnings But Congress made a choice with regard to criminal money judgments And said that those would not be subject to Rather that retirement accounts would be subject to enforcement So if there's no further questions There are no further questions Thank you All right, thank you Mr. Stewart One minute Your Honor, the case that counsel mentions Usry v. First National Bank That dealt with tax returns And tax returns are defined not as income And that's well settled The Consumer Credit Protection Act Defines what earnings are Lee defines what earnings are And I believe that this court is bound by the statute And by Lee And I also ask this court to take into consideration The taxpayers And whether or not your decision will affect The taxpayers paying the judgment ultimately Thank you very much All right, thank you counsel The case will be taken under advisement The court will take a brief recess